UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

─────────────────

№ 05-CV-1012 (JFB) (KAM)

─────────────────

UNITED STATES UNDERWRITERS INSURANCE COMPANY,

Plaintiff,

VERSUS

UNITED PACIFIC ASSOCIATES, LLC,
JOSE SANDOVAL,
GJL DEVELOPMENT CO., LTD,
RELATING TO AN UNDERLYING ACTION IN THE SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF QUEENS ENTITLED SANDOVAL V. LIN, ET AL, INDEX. NO. 15439/04,

Defendants.

─────────────────

MEMORANDUM AND ORDER
July 19, 2006

─────────────────

JOSEPH F. BIANCO, District Judge:

Plaintiff U.S. Underwriters Insurance Company ("U.S. Underwriters") brought this action, pursuant to this Court's diversity jurisdiction, against defendants United Pacific Associates, LLC ("UPA"), Jose Sandoval, and GJL Development Co., Ltd. ("GJL"), seeking a declaration that U.S. Underwriters is not obligated to defend or indemnify UPA with respect to a personal injury suit brought by Sandoval in New York State court. U.S. Underwriters seeks voluntary dismissal of this action, and accordingly moves to dismiss the action under Fed. R. Civ. P. 41(a)(2). For the reasons stated below, the motion to dismiss is granted, and the instant case is dismissed without prejudice.

I. BACKGROUND[1]

Sandoval filed a state court personal injury action, in which he alleges that he suffered injury as a result of a slip and fall on a sidewalk in front of 108-18 and 108-20 37th Avenue, in Corona, New York. His lawsuit claims that his injury was caused by the negligent removal of snow on the sidewalk. UPA was building residences on the two plots at the time, pursuant to a contract with the

───────────

[1] A more comprehensive rendition of the facts in this case is provided in this Court's previous Memorandum and Order addressing U.S. Underwriters' motion for summary judgment. *See U.S. Underwriters Ins. Co. v. United Pacific Associates, LLC,* No. 05-CV-1012 (JFB), 2006 WL 1329756, at *1-2 (E.D.N.Y. May 16, 2005).

then owners of the property, GJL.

At the time of Sandoval's accident, UPA was insured by a commercial liability policy issued by U.S. Underwriters. U.S. Underwriters filed the instant lawsuit, seeking a declaration that they were not required to defend or indemnify UPA with respect to the underlying state action because they alleged that UPA was not engaging in carpentry operations on the day of the accident, as required by the policy. Following the completion of limited discovery, U.S. Underwriters moved for summary judgment. The Court denied U.S. Underwriters' motion by Memorandum and Order dated May 16, 2006, finding that there were material issues of disputed fact as to whether: "(1) UPA was engaged in carpentry operations at the site on the day of the accident within the meaning of the policy, and, if so, (2) whether the removal of snow on that date was in support of these carpentry operations such that it is covered by the terms of the policy." *U.S. Underwriters Ins. Co.,* 2006 WL 1329756, at *5.

By letter dated June 16, 2006, U.S. Underwriters requested a discontinuance of the instant action. U.S. Underwriters conceded that they would defend the insured in the underlying lawsuit, and would reserve the issue of indemnity to be resolved should the underlying state lawsuit return a judgment against the insured. At a subsequent pretrial conference on June 22, 2006, U.S. Underwriters orally moved to dismiss the action on the grounds discussed in the letter. The Court established a briefing schedule, and U.S. Underwriters filed a letter motion to dismiss the action pursuant to Fed. R. Civ. P. 41(a)(2) on July 10, 2006.

II. DISCUSSION

Rule 41(a) of the Federal Rules of Civil Procedure governs the process by which a plaintiff may voluntarily dismiss an action. Barring a stipulation of dismissal signed by all parties who have appeared in an action, a plaintiff must seek leave of the Court to dismiss an action for voluntary withdrawal after the adverse party has served either an answer or motion for summary judgment. *See* FED. R. CIV. P. 41(a)(1). An action may be dismissed for voluntary withdrawal by court order according to the dictates of Rule 41(a)(2), which specifies:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).[2]

---

[2] Sandoval objects to U.S. Underwriters' application because they claim that Fed. R. Civ. P. 41(a)(2) requires that they make a motion to seek relief and "making this application through letters deprives both parties of the avenue of possible appellate review." The Court strains to comprehend Sandoval's objection on a factual and legal basis. U.S. Underwriters has, in fact, made this application pursuant to a motion, both orally at the June 22, 2006 pretrial conference, and twice

As a threshold matter, Sandoval has not pleaded a counterclaim in this matter as of the date of the instant motion to dismiss. In fact, Sandoval currently lacks standing to file a lawsuit against U.S. Underwriters regarding coverage under New York law. Under New York Insurance Law § 3420, an injured party may sue a tortfeasor's insurer, but only in "limited circumstances–the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days. Compliance with these requirements is a condition precedent to a direct action against the insurance company." *Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350, 354, 787 N.Y.S.2d 211 (N.Y. 2004) (citation omitted).

Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby." *Correspondent Services Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003) (quoting *Wakefield v. N. Telecom, Inc.,* 769 F.2d 109, 114 (2d Cir. 1985)).

Factors relevant to the exercise of the court's discretion include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109-110 (2d Cir. 2001) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The Court examines each of these factors in turn.

First, the Court finds that plaintiff was sufficiently diligent in bringing this motion. The Court is satisfied that all of U.S. Underwriters' actions have been geared towards an efficient resolution of this matter. Believing that they deserved judgment as a matter of law, U.S. Underwriters accepted expedited discovery, which only involved exchange of documents from the underlying state court action and the policy, and quickly moved for summary judgment. Notwithstanding that they were incorrect about their entitlement to judgment as a matter of law, *see U.S. Underwriters Ins. Co.,* 2006 WL 1329756, at *5, they promptly moved for discontinuance after the denial of their motion, well in advance of deadlines for trial preparation. Under these circumstances, the Court finds that U.S Underwriters was sufficiently diligent.

With respect to the second factor, there is absolutely nothing in the record to indicate that the instant motion, or any of U.S. Underwriters' conduct, has been vexatious.[3]

---

in writing–in the June 16 letter and the subsequently filed July 10 letter motion. Rule 7(b) of the Federal Rules of Civil Procedure does not require motions to be made by separate notice of motion, rather than in a letter or orally at a hearing or trial. *See* FED. R. CIV. P. 7(b)(1) ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."). Moreover, the parties are able to appeal an Order of the Court issued in response to an oral or letter motion, so long as it is otherwise allowed as an appeal of a final order under 28 U.S.C. § 1291.

---

[3] Sandoval did not address this factor in his opposition to U.S. Underwriters' motion.

3

Third, the case has progressed beyond the very initial stages of litigation–seventeen months have passed since the case has been filed, limited discovery has been conducted, and a motion for summary judgment has been adjudicated. That notwithstanding, the Court does not find that this fact alone tips the scale in favor of Sandoval, given the limited prejudice that the degree of progress has caused him in the fact-specific context of this lawsuit. As discussed, discovery was expedited and only required the simple exchange of documents, and the bulk of effort has been expended in addressing U.S. Underwriters' motion for summary judgment. Under principles of res judicata, the results of these efforts could be used should the case get refiled. Moreover, the Court notes that there is no evidence that Sandoval has made any significant effort and expense in preparation for trial.[4] Thus, the Court finds that, in the fact-specific context of this particular matter, the suit has not progressed too far to allow U.S. Underwriters to discontinue the action under Fed. R. Civ. P. 41(a)(2).

Fourth, the Court finds that dismissal without prejudice at this juncture would not create a risk of Sandoval assuming significant duplicative relitigation expenses. Should Sandoval obtain standing to commence a claim against U.S. Underwriters under New York Insurance Law § 3420, discovery would be simple, as the same documents would be exchanged, and he would be entitled to the res judicata effect of the Court's prior ruling on summary judgment, which delineates the specific disputed issues of material fact that remain. Sandoval complains that expenses would be incurred in terms of initial filing fees and the cost of attending initial conferences, but the Court finds that these burdens are, at best, minimal.[5] In fact, it is unclear why any additional conferences would be required if the action were re-filed, beyond what would be required if the current action were to continue. Moreover, discontinuing the action at this juncture would avoid the costs of additional discovery, and a potentially needless trial prior to the determination of the insured's liability in the underlying state suit.

Finally, U.S. Underwriters' explanation for the need to dismiss the action is acceptable to the Court. Judicial economy is directly promoted by allowing the underlying suit to

---

[4] In support of his position that this lawsuit has progressed too far, Sandoval cites the summary order in *United Van Lines, LLC v. Solino*, 153 Fed. Appx. 46 (2d Cir 2005). There, the Second Circuit found that a district court did not abuse its discretion in rejecting plaintiff's motion to dismiss cross-claims pursuant to Rule 41(a)(2), where the cross-claims at issue had been pending for approximately five months, some discovery had been taken, and the district court had adjudicated two discovery-related motions and held a discovery conference. *See id.* at 48. Although the current case has been pending for a longer period of time, and a motion for summary judgment has been adjudicated, the Court does not believe that these facts alone render U.S. Underwriters dilatory under the specific circumstances of the nature of the claim at stake in the instant case. In the specific context of an insurance declaratory judgment action, where the insurance company simply attempted to resolve the issue of coverage through citation to the policy language and facts that had already been disclosed in the underlying lawsuit, the lawsuit did not progress too far to prevent voluntary discontinuance.

[5] In any event, costs associated with filing fees and discovery conferences are an inherent part of refiling any civil action. If the Court were to find that these costs alone were sufficient to defeat a motion to dismiss under Rule 41(a)(2), no plaintiff would be entitled to dismissal under the provision.

proceed before holding a trial with regards to the indemnity issue, as the need for a trial as to indemnity would be totally mooted by a defense judgment in the underlying lawsuit. Sandoval argues that he is prejudiced because leaving the indemnification issue unresolved impacts the settlement value of his underlying claim, which in turn has the necessary effect of significantly increasing the costs and length of the claim's resolution. The Court rejects this argument because Sandoval would normally have no right to determine the settlement value of his suit through a declaration regarding indemnity, prior to the conclusion of litigation indicating that the tortfeasor was in fact liable. *See Lang,* 3 N.Y.3d at 354. Although Sandoval's counsel complains that this information is vital to him as they have assumed this case on a contingency basis and their plaintiff's firm has limited resources, theorizing the source and available funds for recovery is a practice that plaintiff's lawyers have to regularly perform in calculating settlement value and deciding whether or not to proceed with litigation. In fact, Sandoval's counsel is currently in a superior position to an average plaintiff's counsel because they are aware of: (1) the basis on which the insurer disputes coverage; and (2) the specific outstanding issues of fact that will determine the issue of indemnity. Given that U.S. Underwriters has conceded that they will continue to defend the insured in the underlying state action, allowing that action to come to a conclusion before addressing the currently hypothetical issue of indemnity is a considerably more prudent manner of proceeding with the litigation regarding Sandoval's injuries.

In sum, the Court finds that there is no delay or bad faith by U.S. Underwriters in making this motion, and any prejudice to Sandoval is, at best, minimal. Further, any such prejudice is far outweighed by the benefits of discontinuing the action, including judicial economy. Therefore, balancing all of the factors, the Court exercises its discretion to permit U.S. Underwriters to discontinue this action, pursuant to Fed. R. Civ. P. 41(a)(2), without prejudice. Accordingly, U.S. Underwriters' motion to dismiss is GRANTED. The Court dismisses the case, without prejudice. The Clerk of the Court shall close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 19, 2006
Brooklyn, New York

* * *

The attorneys for the plaintiff are Miranda Sokoloff Sambursky, Esq., and Steven Verveniotis, Esq. of Slone Varveniotis LLP, The Esposito Building, 240 Mineola Boulevard, Mineola, New York 11501. The attorney for defendant Sandoval is Ian Asch, Esq. of Greenberg & Stein, Esqs., 275 Madison Avenue, Suite 1100, New York, New York 10016.